IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| LINDA OLIVER | § | |
| VS. | § | CIVIL ACTION NO. 2:14cv01016 |
| COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections. *See* Docket Entry # 13 (Plaintiff's Objections).

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. Plaintiff contends, in the objections, that the ALJ committed legal error in finding that Plaintiff had no severe impairment, that the ALJ improperly evaluated the medical opinion evidence, and that the ALJ failed to conduct a proper credibility assessment. *See* Plaintiff's Objections to the Report and Recommendation at 6.

**The Finding of No Severe Impairment**

Plaintiff argues that she suffers from disabling physical conditions which prevent her from

working, and that it was error for the ALJ not to assess her impairments to be severe. *See* Objections to the PSR at 1-2. Plaintiff argues that the ALJ did not apply the proper legal standard from *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), when determining that Plaintiff's alleged impairments were not severe at Step Two *See* Tr. at 18-22; *see also* Pl.'s Br. at 1, 5-20; *Stone*, 752 F.2d at 1101 (an impairment can be considered as not severe only if medical evidence establishes it is a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work). In *Stone*, the Fifth Circuit instructed that an ALJ should verify that he or she properly considered the severity of an impairment by either setting forth the *Stone* standard or citing to *Ston*e or a similar case. *See Stone*, 752 F.2d at 1106.

The ALJ complied here by specifically citing Social Security Ruling (SSR) 85-28, which refers to *Stone* and the "Fifth Circuit's construction of Agency severity regulations" that Plaintiff emphasizes. *See* Tr. at 18; *see* also Pl.'s Br. at 7; SSR 85-28, 1985 WL 56856, at *2. Based on the Fifth Circuit's decision in *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012), any error in not following the procedures set out in *Stone* is harmless. In *Taylor*, the Court emphasized that substantial evidence supported the ALJ's Step-Two determination. *Taylor*, 706 F.3d at 603. Similarly, substantial evidence supports the ALJ's Step Two decision here. *See* Tr. at 19-23.

Even if Plaintiff's alleged impairments could be considered "severe" for sake of argument, Plaintiff has not established harmful error. The evidence shows that Plaintiff's alleged medical issues did not affect her ability to perform basic work functions. The Fifth Circuit has found error under these circumstances to be harmless. *See e.g., Taylor v. Astrue*, 480 Fed. Appx. 302,304 (5th Cir. 2012) (not following *Stone* was harmless because the evidence showed the claimant's mental impairment was not severe); *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (court "must still

determine whether this error was harmless.").

**The ALJ's Evaluation of the Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in its evaluation of the medical opinion evidence. *See* Objections at 5. Plaintiff argues that "In the absence of reference to some contrary medical opinion with respect to Ms. Oliver's exertional and non-exertional abilities, the ALJ's rejection of the opinion of the Agency's reviewing physicians is an improper substitution of his own lay judgment for the opinion of the medical experts". *See* Objections at 5.

The Magistrate Judge's Report fully and correctly addresses the issue of the ALJ's evaluation of the medical opinion evidence in the case. The ALJ–as the fact finder-- has the sole responsibility for determining what weight to give the proffered medical evidence. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the ALJ, even if the evidence preponderates against the ALJ's decision. *See Luckey v. Astrue*, 458 F. App'x 322, 326 (5th Cir. 2011).

Because the ALJ did not adopt the non-examining state agency physicians' opinions, Plaintiff contends that the ALJ did not properly weigh the opinion evidence. *See* Tr. at 22, 61-82, 190, 209, 278-285, 290; *see* also Pl.'s Br. at 1, 4-19. The relevant ruling and regulations, however, explain that the ALJ was not bound by the non-examining physicians' findings. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p at *2. Instead, the ALJ the properly considered "the evidentiary record as a whole," and properly based her decision on the evidence from treating and examining, rather than non-examining, physicians. *See* Tr. at 17, 19-23; *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c) (treating and examining physicians' opinions may deserve more weight that

the opinions of physicians who have not examined a claimant). Plaintiff's reliance on the non-binding, non-examining physicians' opinions to show "harmful, dispositive error" is misplaced. *See* Tr. at 22, 61-82, 190, 278-285, 209, 290. *See* Pl.'s Br. at 1, 4-19.

Plaintiff's argument that the ALJ improperly made medical findings is belied by the fact that the ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *See Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir. 1985). In addition, the Fifth Circuit has noted "it is the task of the ALJ to resolve conflicts in the evidence." *See Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987); *see also Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002) (conflicts in evidence are for the Commissioner and not the courts to decide). This Court will not re-weigh the medical evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) ("[W]e may not reweigh the evidence in the record, nor try the issues de novo, nor substitute our judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision."). Thus, substantial evidence supports the ALJ's decision.

Further, contrary to Plaintiff's allegation, the ALJ properly weighed all the medical opinions, consistent with regulatory requirements. Substantial evidence supports the ALJ's decision to give no significant weight to the non-examining physicians opinions. The ALJ properly discounted these opinions because the non-examining physicians failed to support them with objective medical evidence and it was inconsistent with the record evidence. *See Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005); 20 C.F.R. §§ 404.1527(c)(3), (c)(4), 416.927(c)(3), (c)(4). The opinions by the non-examining physicians were rejected because it was contradicted by the other medical evidence in the record, as well as Plaintiff's own testimony about her activities.

4

**The Credibility Determination**

Plaintiff contends in the objections that the ALJ and the Report of the Magistrate Judge incorrectly determined there was no error in the assessment of Plaintiff's credibility. *See* Objections at 6. The Magistrate Judge's Report fully addresses the issue of credibility. As the Magistrate Judge pointed out, the ALJ did not entirely reject Plaintiff's allegations. *See* Tr. at 6; *see also* SSR 96-7p, 1996 WL 374186, at *4 (the adjudicator need not totally accept or totally reject the claimant's statements). Considering Plaintiff's subjective reports together with the medical findings from the adjudicated period, the Magistrate Judge properly found that the ALJ correctly determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. *See* Tr. at 22.

To assess Plaintiff's credibility, the ALJ properly considered the medical evidence, application documents, and testimony at the hearing in accordance with the relevant regulations and ruling *See* Tr. at 19-23; *see also* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p, 1996 WL 374186. The ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 6-7p". *See* Tr. at 21. The ALJ discussed reasons for discounting Plaintiff's credibility, and substantial evidence supports her findings. *See* Tr. at 19-23.

Therefore, Plaintiff's objections are without merit and will be overruled. There is substantial evidence in the record supporting the Commissioner's decision. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So Ordered this**
**Mar 29, 2016**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE