IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LINDA OLIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:14-cv-1016-JRG-RSP |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Currently before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. No. 24), filed by Petitioner on May 6, 2018. The motion seeks compensation for 72 hours (discounted from the 80 hours shown in the affidavit of counsel) at the adjusted statutory rate of $185 per hour, together with $400 in costs. The Commissioner does not oppose the award of fees and costs, but she maintains it should be limited to 40 hours.

The Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, allows a prevailing party in litigation against the United States, including a petitioner for Social Security benefits, to recover his attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*. at §2412 (d)(1)(a). The Supreme Court has explained that "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,'" which is currently capped at $185 per hour. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). *See generally*, *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011). The Commissioner does not contend, nor does the Court find, that the position of the government was substantially justified or that any special circumstances exist rendering an award unjust.

The Commissioner correctly points out in her brief that the average time an experienced lawyer spends prosecuting a Social Security benefits appeal in the district courts is 30 to 40 hours, and that this case is not medically complex. However, Petitioner's counsel also points out that a successful Rule 59(e) motion is highly unusual in these cases. At the time the initial Report and Recommendation issued, Petitioner's counsel had expended about 47 hours in handling the case, very close to the average cited by the Commissioner. That would have been the end of the work, had the undersigned correctly understood the record. The remaining 25 hours sought by Petitioner was spent pursuing the eventual correction of the Court's initial error. The briefing reflects careful consideration of the medical record and a great familiarity with the applicable law. The Court finds that, under the unique circumstances of this case, Petitioner's requested fee is appropriate.

Accordingly, IT IS ORDERED that Defendant will pay Petitioner $13,320.00 in EAJA fees (representing 72 hours of attorney work in 2014 to 2018 at $185.00 per hour), plus $400.00 in costs. In accordance with the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), this award will be payable to Petitioner, by delivery to her counsel of record.

**SIGNED this 29th day of May, 2018.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE